UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **COURTNEY MOTLEY** | : Case No.: |
| Plaintiff, | : Judge: _____ |
| vs. | : |
| **L BRANDS, INC.** | **COMPLAINT WITH** |
| | : **JURY DEMAND** |
| and | |
| | : |
| **L BRANDS DIRECT FULFILLMENT, INC.** | |
| | : |
| Defendants. | |
| | : |

Plaintiff Courtney Motley ("Motley"), through counsel, for her Complaint against Defendants L Brands, Inc. and L Brands Direct Fulfillment, Inc. (collectively, "L Brands"), states as follows:

## PARTIES

1. At all times relevant to this Complaint, Plaintiff Motley was a resident of the State of Ohio and was employed by Defendants as a customer representative.

2. Upon information and belief, Defendant L Brands Direct Fulfillment, Inc. is a foreign corporation that operates a customer service call center located at 5959 Bigger Road, Kettering, Ohio 45429. Defendant L Brands Direct Fulfillment, Inc. is an "employer" as defined under 42 U.S.C. § 2000e.

3. Upon information and belief, Defendant L Brands Inc. is a foreign corporation that owns or contracts with L Brands Direct Fulfillment, Inc. Defendant L Brands Inc. is an "employer" as defined under 42 2. U.S.C. § 2000e.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the American with Disabilities Act, 42 U.S.C. § 12101 et seq.

("ADA"), as amended by the ADA Amendments Act of 2008. Furthermore, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

2. Venue in this district is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## ADMINISTRATIVE PROCEDURES

4. Plaintiff Motley has satisfied all statutory requirements to filing suit under Title VII by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") for discrimination and retaliation.

5. The EEOC issued a Notice of Right to Sue letter to Plaintiff on April 19, 2021.

6. Plaintiff filed this Complaint within 90 days of the receipt of the Notice of Right to Sue letter from the EEOC.

## FACTS

7. Plaintiff Motley is an African American female who was, at all times relevant to this Complaint, employed by Defendants as a customer service representative at the L Brands facility located in Kettering, Ohio beginning on or around November 2, 2015.

8. When hired, Plaintiff Motley started as a seasonal customer service representative, but became full-time customer service representative for L Brands' Victoria Secret division on February 1, 2016.

9. At the time of Plaintiff's hiring, Defendants were aware that Plaintiff had certain medical conditions that required her to ambulate with a walker.

10. Upon information and belief, in 2018, Defendants had approximately 800 employees that worked in overlapping shifts at the Kettering, Ohio L Brands call center, which had approximately 500 desks that were claimed on a first-come, first-served basis each day.

11. Defendants' also implemented a policy that employees, regardless of any disabilities, could not reserve their own desks and must claim a desk at the beginning of their respective workday.

12. Plaintiff sought reasonable accommodations from Defendants for her disabilities on multiple occasions, primarily due to her difficulty getting to and from her desk and the restroom and clocking station; however, Defendants, in reliance on their policy of first-come, first-served seating arrangements, refused to provide Plaintiff with any accommodations.

13. Instead, Defendants told Plaintiff that she should simply pick one of the desks that were marked as reserved for individuals with disabilities located at the ends of rows, much like disabled parking spaces in a parking lot; however, because of the overlapping shifts, Plaintiff could not claim such desks, as they were always taken by other individuals with disabilities before Plaintiff even began her shift.

14. Defendants refused to make any other accommodations available to Plaintiff, despite knowing her disability hindered her ability to navigate the distance from her desk to the clocking stations or the restrooms, thereby causing an undue strain on her ability to perform during her workday.

15. Despite Plaintiff Motley's protest that she required additional reasonable accommodations, Defendants refused to provide any.

16. In June 2017, Plaintiff was placed on a performance review for 30 days, after which she showed improvement and successfully completely the review.

17. In February 2019, a new supervisor took over and placed an "Unsatisfactory Performance Note" ("UPN") on Plaintiff's employment, requiring her to improve within 90 days.

18. Ultimately, Plaintiff was terminated on September 18, 2019 for "failure to meet … 90 day UPN for Her Experience and Adherence."

19. During the review period of the UPN until Plaintiff's unlawful termination, Defendants continued to refuse to provide any reasonable accommodations, thereby subjecting Plaintiff to difficult working conditions that negatively impacted her ability to perform her duties.

20. Upon information and belief, other employees with disabilities who were not black were given other accommodations and/or better treatment than Plaintiff.

## COUNT I

(Title VII – Race Discrimination)

21. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

22. In violation of Title VII, Defendants discriminated against Plaintiff on the basis of her race by terminating her employment.

23. In taking the above described discriminatory action, Defendants acted with malice and reckless indifference to Plaintiff Motley's rights under Title VII.

24. Plaintiff has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

## COUNT II

(ADA – Disability Discrimination)

25. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

26. Plaintiff suffered from a disability that is covered by the ADA.

27. Defendants knew of Plaintiff's disability prior to her termination.

28. Defendants discriminated against Plaintiff on the basis of her disability, in violation of the ADA, by failing to offer Plaintiff a reasonable accommodation for her disability and by terminating Plaintiff's employment because of her disability.

29. Plaintiff has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

## COUNT III

(ADA – Retaliation)

30. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

31. In violation of the ADA, Defendants unlawfully retaliated against Plaintiff by terminating her after she requested a reasonable accommodation so she could continue her employment.

32. In taking the above described discriminatory action, Defendants acted with malice and reckless indifference to Plaintiff's rights under the ADA.

33. Plaintiff has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

## COUNT IV

(O.R.C. § 4112.02 – Discrimination)

34. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

35. In violation of O.R.C. § 4112.02, Defendants unlawfully discriminated against Plaintiff by terminating her because of her race and disability.

36. In taking the above described discriminatory action, Defendants acted with malice and reckless indifference to Plaintiff's rights under O.R.C. § 4112.02.

37. Plaintiff has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff Courtney Motley requests judgment against Defendants, jointly and severally, for the following:

    A.    Declaring the acts and practices complained of herein to be violations of Title VII, the ADA, and Ohio law;

    B.    Enjoining and permanently restraining these violations of law;

    C.    Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

    D.    Directing Defendants to place Plaintiff in a position she would have occupied but for Defendants' unlawful conduct, and making her whole for all earnings and other benefits she would have received but for Defendants' unlawful conduct, including, without limitation, wages, commissions, other lost benefits, loss of good will and interest thereon;

    E.    Directing Defendants to pay Plaintiff compensatory damages, including the damages for her mental anguish, denial of life's pleasures, pain and suffering, humiliation, as well as punitive damages;

    F.    Attorney's fees and costs;

    G.    Pre- and post-judgment interest; and

    H.    Such other and further relief as the Court considers just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ John Hui Li
John (Hui) Li (#0082661)
JHL LEGAL LLC
3209 Carrier Ave.
Dayton, Ohio 45429
Telephone: 513-502-4646
jli@jhllegal.com

*Trial Attorney for Plaintiff*
*Courtney Motley*